UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QASIM ALMUHANA,<br><br>    Plaintiff,<br><br>    v.<br><br>CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.,<br><br>    Defendant. | Case No. 2:24-cv-1858-DC-CSK<br><br>ORDER<br><br>(ECF Nos. 13, 18) |

  Pending before the Court is Plaintiff Qasim Almuhana's motion to continue the discovery cut-off (ECF No. 13), and Plaintiff's related request for relief in the informal discovery dispute letter brief submitted jointly by the parties (ECF No. 18).[1] On December 12, 2025, the Court held an informal discovery conference.[2] (ECF Nos. 18-21.) Attorney Paul Smith appeared for Defendant Clean Harbors Environmental Services, Inc., and attorney Joshua Falakassa appeared for Plaintiff. Pursuant to Local Rule 230(g), the Court submitted Plaintiff's motion to continue discovery cut-off on the

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

[2] The informal discovery conference was originally scheduled for December 5, 2025, but was vacated and re-scheduled due to the parties' failure to timely file their joint statement. (ECF Nos. 15, 19.)

1

record and briefs on file, and vacated the December 16, 2025 hearing. For the reasons that follow, the Court DENIES Plaintiff's motion to continue the discovery deadline and DENIES Plaintiff's related requests for relief in the informal discovery dispute letter brief.

**I.    DISCUSSION**

Plaintiff moves to continue the fact discovery cut-off for 60 days to enable it to re-depose Defendant's Rule 30(b)(6) witnesses and to require Defendant to produce additional documents. Though Plaintiff failed to formally move to re-open the Rule 30(b)(6) depositions and compel Defendant's supplemental production, Plaintiff's motion to continue, the relief sought, and his requests in the informal discovery dispute statement make clear that Plaintiff attempted to make such requests.

**A.    Legal Standards**

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609) (internal citations and quotation marks omitted).

**B.    Analysis**

The deadline to complete fact discovery was initially set for August 15, 2025, and was subsequently continued by the district court at the parties' joint request to November 14, 2025. (ECF Nos. 10-12.) In the court's Scheduling Order, the fact discovery deadline is for the completion of fact discovery. (ECF No. 10 at 3.) "Completed" is defined as "mean[ing] that all discovery shall have been conducted so that all depositions have been taken and *any disputes relevant to discovery shall have been resolved by appropriate order if necessary* and, where discovery has been ordered, the order has

been obeyed." *Id.* at 3 n.1 (emphasis added). This definition of completion of discovery in case scheduling orders is widely used throughout this district court.

Plaintiff filed his notice of motion and motion to continue fact discovery on the deadline for the completion of fact discovery—November 14, 2025, with a December 16, 2025 hearing date.[3] Plaintiff seeks to continue the fact discovery deadline to compel Defendant to produce additional documents and to re-open two Rule 30(b)(6) depositions. *See* Pl. Mot. at 1-2, 5-6; Joint Stmt Disco. Dispute at 2-3.

The Court ultimately concludes that Plaintiff's requests are not timely, and Plaintiff fails to establish good cause to continue the fact discovery deadline by an additional 60 days where Plaintiff has not established his diligence. The Court summarizes the parties' discovery efforts, which have been limited.

The Scheduling Order issued on November 18, 2024. (ECF No. 10.) The parties exchanged initial disclosures on December 16, 2024. Def. Opp. at 3. Though Plaintiff did not produce any documents with his initial disclosures, Defendant did. *Id*. On April 21, 2025, Plaintiff propounded written discovery on Defendant: one set of interrogatories and one set of requests for production of documents (RFPs); Defendant responded to the written discovery on June 15, 2025. *Id*. at 3-4.

On July 29, 2025, the parties submitted a joint stipulation to modify the scheduling order, continuing all deadlines by approximately three months, which the district court granted, extending fact discovery deadline to November 14, 2025.

On September 12, 2025, Defendant provided supplemental interrogatory responses with verification and produced additional documents after the parties met and conferred regarding Defendant's interrogatory and RFP responses. Def Opp. at 4.

On October 22, 2025, Plaintiff served two deposition notices pursuant to Federal Rule of Civil Procedure Rule 30(b)(6) on Defendant, together with requests for

---

[3] Plaintiff initially noticed the motion incorrectly before the district judge for a December 19, 2025 hearing, and subsequently re-noticed the motion for a December 16, 2025 hearing before the undersigned after being instructed to correct his error. (ECF Nos. 13, 14, 16.)

3

production of documents (RFPs). *See* Def. Opp. at 4. Plaintiff's RFPs accompanying his Rule 30(b)(6) deposition notices did not include instructions for production and were served less than 30 days before the Rule 30(b)(6) deposition dates of November 6, 2025 for Linda Garcia and November 7, 2025 for Brock Culley. *Id*. Defendant produced documents responsive to the RFPs accompanying his Rule 30(b)(6) deposition notices shortly before the Garcia and Culley depositions. *Id*. at 5. On November 6, 2025, Plaintiff deposed Ms. Garcia for over 6.5 hours and late that evening, Plaintiff's counsel demanded that Defendant produce additional documents and make Ms. Garcia available for a continued Rule 30(b)(6) deposition before the discovery deadline. *Id*.

On November 7, 2025, Defendant responded to Plaintiff's demand and produced additional documents. *Id*. Plaintiff then deposed Mr. Culley for over 7 hours. *Id*.

On November 12, 2025, Plaintiff responded, arguing that Defendant's Rule 30(b)(6) witnesses were not prepared to testify and objecting to Defendant's document production before their depositions. *Id*.

On November 14, 2025, Defendant deposed Plaintiff. *Id.* at 6. Towards the end of Plaintiff's deposition, Plaintiff's counsel produced via a Dropbox link more than 1,400 pages of documents, four video files, and an hour-long audio file.[4] Def. Opp. at 6, 8.

Plaintiff requests continuing the fact discovery deadline based on his challenges to Defendant's Rule 30(b)(6) witnesses and Defendant's production in response to Plaintiff's RFPs that accompanied his Rule 30(b)(6) deposition notices. Plaintiff's request for discovery relief is not timely because the completion of fact discovery as defined by the Scheduling Order, requires having taken all depositions, <u>resolving</u> discovery disputes by order if necessary, and <u>obeying</u> discovery orders by the discovery deadline. (ECF No. 10 at 3.) Plaintiff served his Rule 30(b)(6) deposition notices with RFPs on October 22,

---

[4] The Court notes that Plaintiff's counsel's production of voluminous documents, videos, and an audio file on the last day of the fact discovery deadline and towards the end of Plaintiff's deposition is troubling discovery conduct. Defendant has not, however, challenged this conduct or requested discovery relief, so the Court need not address Plaintiff's discovery conduct.

4

2025—a mere 23 days before the November 14, 2025 fact discovery deadline and less than 30 days before the November 5 and 6, 2025 deposition dates. This is not sufficient time for Plaintiff to raise his discovery dispute with the court, get his discovery dispute resolved, and get any discovery orders obeyed by the November 14, 2025 fact discovery completion deadline. Therefore, the Court DENIES Plaintiff's request as not timely. *See Faulkner v. Centurion of Arizona*, 2023 WL 4422264, at *1 (9th Cir. July 10, 2023) (affirming where district court did not abuse its discretion in denying untimely motion to compel discovery); *see also Zivkovic*, 302 F.3d at 1087-88; *Watts v. Allstate Indem. Co.*, 2012 WL 5289314, at *2 (E.D. Cal. Oct. 23, 2012) ("Motions to compel [] discovery had to have been heard 30 days before [the discovery] cutoff in order for discovery to be completed by the cutoff."); *Lacy v. American Biltrite, Inc.*, 2012 WL 909309, at *8 (S.D. Cal. Mar. 16, 2012) ("The discovery cutoff includes hearings on motions to compel and discovery ordered as a result of a motion to compel."). The Court also relies on its authority to manage its cases, including discovery deadlines, in denying Plaintiff's requests.

In addition, Plaintiff has failed to establish his diligence and therefore fails to establish good cause to justify continuing the fact discovery deadline. *See* Fed. R. Civ. P. 16(b)(4); *Zivkovic*, 302 F.3d at 1087-88; *Johnson*, 975 F.2d at 609. Plaintiff has offered no explanation for why he waited until three weeks before the close of fact discovery to notice two Rule 30(b)(6) deposition notices, why the Rule 30(b)(6) depositions were scheduled to be taken one week before the fact discovery deadline, or why Plaintiff did not separately serve his RFPs before serving his Rule 30(b)(6) deposition notices. As described above, Plaintiff was not diligent in his discovery efforts.

Finally, Plaintiff failed to establish that Defendant's production of documents in response to Plaintiff's RFPs accompanying his Rule 30(b)(6) deposition notices was actually untimely where (1) Defendant produced responsive documents less than 30 days after Plaintiff's RFPs were served on October 22, 2025, *see* Fed. R. Civ. P. 34(b)(2)(A); (2) Plaintiff's RFPs did not include any instructions for Defendant's

production; and (3) Defendant produced its responsive documents before or simultaneously with producing its Rule 30(b)(6) witnesses. The Court agrees with Defendant that to the extent Plaintiff wanted to obtain and use certain documents *during* the deposition of Defendant's Rule 30(b)(6) witnesses, Plaintiff could have served his RFPs separately and before serving his Rule 30(b)(6) deposition notices. Plaintiff's failure to exercise diligence in his discovery efforts is a problem of Plaintiff's own making.

## II.   CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to continue the fact discovery deadline (ECF No. 13) is DENIED; and
2. Plaintiff's related requests for discovery relief (ECF No. 18) are DENIED.

Dated: December 15, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/almu1858.24_disco.o